**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ATLANTIC CASUALTY INSURANCE COMPANY,** | ) ) ) | |
| **Plaintiff,** | ) ) | **09 C 6657** |
| **v.** | ) ) ) | **Judge Ronald A. Guzmán** |
| **ALANIS DEVELOPMENT CORP., ULISES ALANIS and CARLOS HERNANDEZ,** | ) ) ) ) | |
| **Defendants.** | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

This is a declaratory judgment action involving whether Alanis Development Corporation and Ulises Alanis's (collectively "Alanis") insurance policy provides coverage for a personal injury lawsuit filed against them in state court. Before the Court are the cross motions for summary judgment of plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty") and defendants Alanis and Carlos Hernandez. For the following reasons, the Court grants plaintiff's motion for summary judgment and denies defendants' cross motion.

## Facts

A.    *The Lawsuit*

Hernandez owns a building located at 1534 Pulaski Road in Chicago, Illinois. (Pl.'s LR 56.1(a)(3) ¶¶ 1-2.) Prior to May 13, 2009, Hernandez entered into an agreement with Alanis to make renovations to the building. (*Id.* ¶ 2.) Prior to the renovation, Alanis purchased liability insurance from Atlantic Casualty. (*Id.* ¶ 3.) The policy remained in effect during the relevant time period. (*Id.*)

On May 13, 2009, while visiting his building, Hernandez was injured when he fell through the first floor and into the basement. (*Id.* ¶ 2.) Subsequently, Hernandez brought a personal injury lawsuit against Alanis.[1] (*Id.* ¶ 1.) The complaint alleged that Hernandez's injuries occurred because Alanis negligently removed part of the floor in the building without posting any signs, barricades or other warnings to alert persons of the danger created by the missing floor. (*Id.* ¶ 2.) On October 21, 2009 Atlantic Casualty filed this suit seeking a declaratory judgment that Alanis' insurance policy did not cover the allegations in Hernandez's lawsuit. Atlantic Casualty claimed it had no duty to defend or indemnify Alanis in connection with the lawsuit.

B.      *The Insurance Policy*

Atlantic Casualty issued a liability insurance policy to Alanis Development Corporation effective from March 5, 2009 to March 5, 2010. (*Id.* ¶ 3.) The policy is subject to certain exclusions, including: "The insurance does not apply to: 'bodily injury' to any 'contractor' for which any insured may become liable in any capacity." (*Id.* ¶ 5.) The exclusion defines "contractor" to include "any independent contractor or subcontractor of any insured, any general contractor, any developer, any property owner, . . . and any and all persons working for and or providing services and or materials of any kind for these persons or entitles [sic] mentioned herein." (*Id.*) The exclusion also "applies to any obligation of any insured to indemnify or contribute with another because of damages arising out of 'bodily injury' to which this exclusion applies, including any obligation assumed by an insured under any contract." (*Id.*) The policy also contains

---

[1] The case was brought in the Circuit Court of Cook County, Illinois, and assigned case number 2009 L 007915.

another exclusion, which provides: "Where there is no coverage under this policy, there is no duty to defend any insured." (*Id.* ¶ 6.)

## **Discussion**

A. *Legal Standard*

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant meets this burden, the non-movant cannot rest on conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). To succeed on a summary judgment motion, the evidence must be such "that [no] reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering the motion, the court must view all evidence in the light most favorable to the non-movant. *Id.* at 255. In Illinois, the interpretation of an insurance policy is a question of law that is appropriately resolved by summary judgment. *River v. Commercial Life Ins. Co.*, 160 F.3d 1164, 1169 (7th Cir. 1998).

B. *Duty to Defend*

Plaintiff argues that its insurance policy specifically precludes coverage for Hernandez's injuries because he is a property owner, and therefore, he qualifies as a contractor as defined in the exclusionary endorsement. "The insurer's duty to defend its insured arises from the undertaking to defend as stated in the contract of insurance." *Zurich Ins. Co. v. Raymark Indus., Inc.*, 514 N.E.2d 150, 161 (Ill. 1987). Thus, "[t]he extent of an insurer's duty to defend is determined by the language in the contract/policy." *Lifschultz Fast Freight, Inc. v. Transcontinental Freight Sys., Inc.*, No. 91 C 688, 1993 WL 787511, at *4 (N.D. Ill. Aug. 24, 1993). When the terms of the policy are clear, courts should ascertain the intent of the parties solely from the language of the policy. *La Salle Nat'l Trust, N.A. v. ECM Motor Co.*, 76 F.3d 140, 144 (7th Cir. 1996). If the language of the policy is ambiguous, it must be interpreted against the insurer. *Travelers Ins. Co. v. Eljer Mfg., Inc.*, 757 N.E.2d 481, 491 (Ill. 2001).

Additionally, if the insurer relies on an exclusionary provision it must be "clear and free from doubt that the policy's exclusion prevents coverage." *Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir. 1992). So long as the exclusions are not prohibited by statute or public policy, an insurer can include any number of them to limit its liability and obligations to the insured. *See Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 462 (7th Cir. 1997). Finally, if the insurer does not have the duty to defend, it also does not have the duty to indemnify. *See Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1081 (Ill. 1993) (holding that without the duty to defend, there can be no duty to indemnify).

Accordingly, the Court looks to the language of the policy to determine if Atlantic Casualty has a duty to defend. As noted *supra*, Atlantic Casualty's policy states that

there is no coverage for "bodily injury" to any "contractor" and defines contractor to include a "property owner." (Pl.'s LR 56.1(a)(3) Stmt. ¶ 5; Compl. Ex. 6, Atlantic Policy, at 7.) It is undisputed that Hernandez is the property owner of the building where Alanis was working when the injury occurred, and therefore, is not covered under the policy. (Pl.'s LR 56.1(a)(3) Stmt. ¶¶ 1-2.)

Nonetheless, defendants argue that Hernandez is not a "property owner" under the policy because the exclusion unambiguously limits the term property owners to those that were performing work or providing services on the property, and therefore the Court should interpret its meaning against Atlantic Casualty. *Travelers Ins. Co.,* 757 N.E.2d at 491. The Court disagrees. The policy states that the term contractor includes: "any independent contractor or subcontractor of any insured, any general contractor, any developer, any property owner, . . . and any and all persons working for and or providing services and or materials of any kind for these persons or entitles [sic] mentioned herein." (Pl.'s LR 56.1(a)(3) Stmt. ¶ 5; Compl. Ex. 6, Atlantic Policy, at 7.) In other words, defendants argue that the modifier (regarding persons working, providing services or materials) that applies to the last item in the list applies to all items in the list. But it is clear from the plain language of the exclusion that the modifier broadens its applicability, rather than narrows it. *See First Nat'l Bank of Chi. v. Fidelity & Cas. Co. of N.Y.*, 428 F.2d 499, 501 (7th Cir. 1970) (holding that an insurance company has the right to limit coverage on a policy and when it has done so, the plain language of the limitation must be effectuated).

In sum, the exclusion makes it clear that the definition of "contractor" includes property owners regardless of whether they were providing services or otherwise

working on the property at the time of the injury.  (Pl.'s LR 56.1(a)(3) Stmt. ¶ 5.)  As such, Hernandez qualifies as a contractor under the policy and his bodily injuries are excluded from coverage.  Therefore, Atlantic Casualty does not have the duty to defend or the duty to indemnify Alanis.  *Crum & Forster Managers Corp.*, 620 N.E.2d at 1081.

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [doc. no. 25] and denies Hernandez and Alanis' cross motions for summary judgment [doc. nos. 35 & 38].  Further, the Court grants judgment in favor of Atlantic Casualty and declares that:  Atlantic Casualty Corporation has no duty to defend or indemnify Alanis Development or Ulises Alanis under the policy in connection with the previously described lawsuit brought by Carlos Hernandez.

**SO ORDERED**                          **ENTER:  January 25, 2011**

_____
   **RONALD A. GUZMAN**
   **District Judge**